Judge Marshall

delivered the Opinion of the Court.
This action of debt was brought by McDowell, as assignee of James Crutcher and Son, against Fleming Woolfolk, on a note for six hundred and ninety dollars, payable in September, 1819.
Besides four pleas on which issues were taken, the defendant pleaded six pleas of accord and satisfaction, each of which was adjudged insufficient, on demurrer. And the first question presented by the record, is whether any one of these pleas is sufficient to bar the action.
The facts presented in different forms by the pleas in question, are substantially these:—that Joseph Woolfolk, the father of the defendant, held a note on James Crutcher, one of the obligees of the note sued on, for one thousand dollars with interest, and that, in pursuance of an agreement between the said Crutcher and the defendant, the said note of one thousand dollars with its interest was, by the procurement of the defendant, surrendered up to said Crutcher, and accepted by him, in satisfaction of the debt now demanded. The third plea is fairly to be understood as averring these facts to have taken place before the defendant had notice of the assignment of the note; and it also avers that he was then unable to pay the note sued on.
The principal objection to the sufficiency of these facts, is that the note of Crutcher, alleged to have been received in satisfaction, does not appear to have been equal, and must be inferred to have been less, in amount than that of the defendant; whence it is argued that the former could not, in point of law, be regarded as a satisfaction of the latter. But conceding that, from the failure of the plea to show what interest was due on the note for one thousand dollars, it should be fairly inferred that the sum *269 due on that note was less than the sum due on the note of the defendant, it by no means follows that the value of the former was in fact less, or must in law be deemed to be less, than that of the latter. The comparative value of notes executed by different obligors, does not depend exclusively upon a comparison of the sums for which they may be respectively drawn, although they be due or payable at the same time and place. And although, in the absence of all discriminating circumstances or allegations, the presumption might be, that the sum payable was the only criterion of comparative value; still as the defendant avers, and it is admitted by the demurrer, that he was unable to pay his note, and there is no presumption of similar inability on the part of Crutcher, the sum payable or promised by the two notes, ceases to be a common measure of their value; and the one cannot be said to exceed the other in value because it exceeds it in amount.
If Crutcher’s note had been payable to the defendant, or had been assigned to him, then perhaps the value of each should, as between the parties, and to the extent of Crutcher’s note, be measured by the same standard, and there must have been an excess of the defendant’s debt which would not have been satisfied by the smaller sum due on Crutcher’s note. But this was not the case as stated in the plea. The note of Crutcher was never owned by the defendant, but was outstanding in the hands of Joseph Woolfolk until surrendered by the procurement of the defendant, in satisfaction of his debt, larger in amount it may be, but which he was unable to pay. There is no common measure of value for the two things alleged to have been regarded as equivalents by the parties, from which it can appear that they were unequal in value, or that the one was not a reasonable satisfaction for the other. And as, according to the plea, Crutcher accepted his own note outstanding in the hands of a third person, and which was, or may have been, worth its nominal amount in money to him, in satisfaction of a demand against the defendant somewhat larger, but worth less than its nominal amount, because the defendant was unable to pay it, we think his acceptance is sufficient to *270 establish the adequacy of the satisfaction. It cannot be said there was no consideration for giving up any part of the debt of the defendant, because although the value of the entire consideration given, can be measured, there is no measure of the value of the debt which the defendant could not pay.
An assignor who assigns a note without recourse, stating the defence that would be made to it, but assuring the assignee that it remained unpaid, will be liable, if it turns out that the note was in fact paid, before the assignment: he is, therefore, not a competent witness for the assignee, without a release.
*270 The objection that the alleged satisfaction proceeded from a third person, does not, in our opinion, apply to this case. The surrender of Crutcher’s note was made by Joseph Woolfolk, it is true, but it was procured to be done by the defendant—upon what consideration, or whether on any other but that of kindness, is immaterial. Nor can we attach much weight to the objection, that the accord and satisfaction relied on in the plea, took place after the debt sued for became due. The ancient doctrine with regard to payment or other satisfaction of penal bonds after the day mentioned in the condition had passed, was extremely rigid. But this rigor has been, mitigated not only by statutory enactment, which long since authorized the plea of payment after the day, but also by judicial decisions made in the same spirit, which have recognized the sufficiency of a plea of a parol accord and satisfaction after a breach of covenant. And we think it would be violating the principle of the statute and of the decisions referred to, as well as disregarding the ordinary course of transactions in the country, to decide, at this day, that a debt due by promissory note, sealed or unsealed, could not be extinguished by the delivery and acceptance of any reasonable equivalent which the payee or obligee might agree to receive.
We are of opinion, therefore, that the third plea is substantially good, and that the Circuit Court erred in sustaining the demurrer to it.
We are, also, of opinion that the Court erred in admitting James Crutcher, one of the assignors of the note, as a competent witness for the plaintiff.
Three of the pleas on which issue was taken, alleged a Payment of the debt to James Crutcher, and one of them averred such payment before the note was assigned. It seems that the note was assigned without recourse upon the witness; that he informed the assignee, at the time, *271 of the defence that would be set up; but that he, also, assured him that the note was unpaid, except to the extent of the credits endorsed. Upon these facts, we think the witness was liable to the assignee, if the note had in fact been paid to him; and as evidence had been introduced conducing to prove such payment, that the assignor was incompetent, without a release, to disprove it. That was the very point embraced by his guarantee, and the effect of his evidence, if his party succeeded, was to relieve him entirely from responsibility; while if his party had failed, the verdict might and probably would have been evidence of the fact of payment, in a future action by the assignee against the witness.
Wherefore, the judgment is reversed, and the cause remanded, with directions to set aside the verdict already rendered, and to overrule the demurrer to the third plea, and for further proceedings not inconsistent with this opinion.